BENCHWICK, Plaintff-Appellee, v. YOUNGSTOWN SHEET And TUBE COMPANY, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3517. Decided September 30, 1952.

334

Traxler & Beil, Youngstown, for plaintiff-appellee.

Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellant.

**OPINION**

By PHILLIPS, J.

Defendant, a corporation, appeals to this court on questions of law from a judgment of the court of common pleas entered upon a jury verdict returned for plaintiff in his action on appeal to that court from a ruling of the Industrial Commission of Ohio disallowing, upon rehearing, adjustment of his claim for compensation from defendant, a self-insurer under the Workmen's Compensation Act of Ohio, on the ground that plaintiff's disability was not sustained in the course of and arising out of his employment by defendant.

The sole question presented to this court by defendant's sole assignment of error is whether "the court erred in overruling defendant's motion for judgment notwithstanding the verdict".

In discharge of his duties as a bender in defendant's tube mill from 1912 to November 27, 1947, plaintiff was required to drop a steel ball on hot steel sheets over which water flowed and which process generated steam, which plaintiff inhaled during such 35 year period.

While in discharge of his regular duties in the regular way on November 27, 1947, plaintiff, aged 61 years, suffered from a cardiac condition and from a coughing attack and shortness of breath, has not worked since, and is suffering, and for ten years he has suffered, from emphysema, a progressive lung disease characterized by an enlargement and lack of elasticity of lung cells, which pathological condition his physician testified would not be caused by inhaling steam, but which would cause temporary irritation of lung cells.

The jury unanimously answered affirmatively the following interrogatory submitted to it by defendant's counsel:

"Is plaintiff Benchwick's disability, if any he has, due to and caused by exposure to steam and smoke in connection with his work at Youngstown Sheet and Tube Company over a period of years?"

Defendant contends "it is the law of Ohio that a trial court must upon motion set aside a general verdict and enter judgment for the party against whom the general verdict is rendered, when the answer of the jury to a special interrogatory cannot be reconciled with the general verdict": that:

"By the general verdict the jury said in effect 'Benchwick received an injury on November 27, 1947, which injury aggravated a pre-existing condition'. but by answering the interrogatory 'yes' the jury says specifically that Benchwick's disability is the result of years of exposeure to steam at his work, and is not the result of the alleged injury of November 27, 1947.

"Thus clearly the answer to the interrogatory is absolutely irreconcilable with the general verdict, and under law the general verdict cannot stand."

Defendant further contends that the case of **McNees v. Street Ry. Co., 152 Oh St 269,** on authority of which the trial judge overruled defendant's motion, clearly "supports in a negative way what defendant is contending for in a positive way".

The first and second syllabi of McNees v. Street Railway, supra, provide:

"The answers of a jury to special interrogatories will not authorize a judgment different from that authorized by a general verdict, where such answers can be reconciled with the general verdict. **(Davis v. Turner, 69 Oh St 101,** and **Ohio Fuel Gas Co. v. Ringler, 126 Oh St 409,** approved and followed.)

"Ordinarily, in order to sustain a motion for judgment notwithstanding a general verdict, the evidence received upon the trial and the facts established by admissions in the pleadings and in the record must be such that the court would have been required, upon a proper motion therefor, to direct a verdict for the party seeking such judgment. Even if, on such a motion for judgment, a court may also consider the answer of a jury to an interrogatory as establishing facts found by such answer, such motion must be overruled if the evidence, received upon the trial, and the facts. established by admissions in the pleadings and in the record and by answers of the jury to interrogatories, do not, as a matter of law require a finding for the party making such a motion on some issue, which should have been found in his favor in order to justify a general verdict for him. In passing upon such a motion, neither the trial court, the court of appeals nor this court may weigh the evidence. Sec. 11601 GC."

Reviewing the record, which includes the interrogatory, and the law we conclude that the answer of the jury to the interrogatory is irreconcilable with the general verdict of the jury, and conclude that the trial judge erred "in overruling defendant's motion for judgment notwithstanding the verdict".

Further, we are of opinion that there is no evidence that the plaintiff received a compensable injury on November 27, 1947, as a compensable injury is defined by the supreme court in the first paragraph of the syllabi in the case of **Malone v. Industrial Commission, 140 Oh St 292,** which reads as follows:

"The term 'injury' as used in the Constitution and in §1465-68 GC (117 Ohio Laws, 109), as amended effective July 10, 1937, comprehends a physical or traumatic damage or harm, accidental in its character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place."

The judgment of the court of common pleas is reversed. and coming now to enter the judgment which that court should have rendered enters final judgment for defendant.

NICHOLS, PJ, and GRIFFITH, J, concur.